## Case No. 3,393a.

### Ex parte CRITTENDEN.

[Hempst. 176.] [1]

Superior Court, D. Arkansas. July Term, 1832.

SESSION OF GRAND JURY—PRESENCE OF ATTORNEY FOR GOVERNMENT.

1. The attorney for the government has a right to be present during the sitting of the grand jury, to conduct the evidence and confer with them.

2. But he has no right to give opinion, as to whether there shall be a bill or not, unless his opinion is requested on a matter of law by the grand jury.

Motion determined before JOHNSON, ESKRIDGE, and CROSS, Judges.

Robert Crittenden, an attorney of the court, moved that Samuel C. Roane, the United States attorney for Arkansas territory, be prohibited from being and conferring with the grand jury, during the deliberation of that body; but THE COURT denied the motion giving it as their opinion, that it was legal and proper for him to do so, whenever he might deem it necessary. Motion overruled. [2]

A grand jury must consist of twelve at least, and may contain any greater number, not exceeding twenty-three, in order that twelve may form a majority of the jurors. There must be twelve at least, because the concurrence of that number is absolutely necessary to put a defendant on trial; and there must not be more than twenty-three, because otherwise there might be an equal division or two full juries might differ in opinion. 2 Burrows, 1088; 2 Hale, P. C. 151; 1 Chit. Crim. Law, 306. The usual practice is to summon twenty-three; and there is a propriety in it, resulting from the known fact that there is more safety in large than small bodies of men, and less probability of hatred and ill-will infusing their pernicious influences into public prosecutions. A few men may feel a disposition to hunt down a victim, when a greater number would not engage in the disreputable business. Impartial, intelligent, discreet, respectable men, good and upright citizens, and "gentlemen of the best figure in the county" (4 Bl. Comm. 302), should always be returned as jurors, because the vast authority which attached to them in that capacity ought not, and indeed cannot, be intrusted to those who are ignorant, corrupt, or incompetent, without the utmost danger to life, liberty, and property. Upon juries depend life, liberty, and reputation, in criminal, and the dearest right of property, in civil cases; and hence they should possess the intelligence to discern justice, and the integrity to maintain it.

The legislation of congress indicates that jurors should be summoned from such parts of the district as shall be most favorable to an impartial trial, but so as not to incur unnecessary expense, nor unduly burden the citizens of any part of the district with such services. 1 Stat. 88. The act of 1789 also provides as follows: "Writs of venire facias, when directed by the court, shall issue from the clerk's office, and shall be served and returned by the marshal in his proper person, or by his deputy, or in case the marshal or his deputy is not an indifferent person, or is interested in the event of the cause, by such fit person as the court shall specially appoint for that purpose, to whom shall be administered an oath or affirmation that he will truly and impartially serve and return such writ. And when, from challenges or otherwise, there shall not be a jury to determine any civil or criminal cause, the marshal or his deputy shall, by order of the court, where such defect of jurors shall happen, return jurymen de talibus circumstantibus, sufficient to complete the panel; and when the marshal or his deputy are disqualified as aforesaid, jurors may be returned by such disinterested person as the court shall appoint." 1 Stat. 88.

Persons exempted from serving on juries by the laws of the United States: All artificers and workmen employed in the arsenals and armories of the United States. 2 Stat. 62. Assistant postmasters and clerks regularly employed and engaged in post-offices. 5 Stat. 88. By the laws of Arkansas, the following persons are exempted: Persons exercising the functions of a clergyman; practitioners of physic; practising attorneys at law; clerks; all officers of courts; ferry keepers; overseers of roads; constables; keepers of grist-mills whose names are recorded as such; patrols, during the time they may continue to perform their duties as such; persons over the age of sixty years; members of the Little Rock Fire Company. Dig. 631, 744, 770; Act Dec. 5, 1846, p. 141.

When the duty of summoning jurors is devolved on the marshal, or any one appointed for that purpose, he ought to return "good and lawful men," avoiding persons of ill fame, or under the influence of parties (Dig. 631), or persons convicted of any infamous crime (1 Chit. Crim. Law, 307), idiots, lunatics, persons exempted from serving on juries, relatives of parties, and those who have formed or expressed decided opinions as to the matter in hand (1 Burr's Trial, 357; Armistead v. Com., 11 Leigh, 657); those who are actuated by hostile feelings towards, or have a strong bias for or against, the parties (2 Hawk. P. C. c. 43, § 28; Whart. Crim. Law, 612, 613); and, in a capital case, those who have conscientious scruples as to punishing the accused under any proof, however strong. U. S. v. Cornell [Case No. 14,868];

---

[1] [Reported by Samuel H. Hempstead, Esq.]

[2] See disquisition of the "office and duty of grand jurors," in Davis' Precedents of Indictment, pages 18–23, where the existence and the reason for the exercise of this right are fully shown. Chitty says it is usual to permit the prosecutor to be present during the sitting of the grand jury, to conduct the evidence on the part of the crown. 1 Chit. Crim. Law, 317; Kelyng, 8.

Com. v. Lesher, 17 Serg. & R. 155. By the laws of Arkansas, every grand juror must be a free white male citizen of the state, over the age of twenty-one years, resident of the county, a householder or freeholder, and otherwise qualified according to law (Dig. 629); by which is meant, I take it, that idiots, lunatics, and like persons, would not be competent jurors. Petit jurors must have the same qualifications, except they need not be householders nor freeholders; but no person can serve as a petit juror who is related to either party to a suit within the fourth degree of consanguinity or affinity. Dig. 630.

Qualifications of jurors in the courts of the United States, and mode of summoning the same: The act of congress of July 20, 1840, provides as follows: "That jurors, to serve in the courts of the United States in each state respectively, shall have the like qualifications, and be entitled to the like exemptions, as jurors of the highest court of law of such state now have and are entitled to, and shall hereafter from time to time have and be entitled to, and shall be designated by ballot, lot, or otherwise, according to the mode of forming such juries now practised and hereafter to be practised therein, in so far as such mode may be practicable by the courts of the United States or the officers thereof; and for this purpose, the said courts shall have the designation and impanelling of juries, in substance, to the laws and usages now in force in such state; and further, shall have power, by rule or order, from time to time, to conform the same to any change in these respects which may be hereafter adopted by the legislatures of the respective states for the state courts." 5 Stat. 394. The provisions of the judiciary act of 1789 (1 Stat. 88) of this subject were substantially the same, except it was not prospective, but confined the selection of jurors to the mode practised in the several states at the time of its passage. It will be perceived that the act of 1840 is prospective, and supersedes that of 1789, and constitutes the rule by which the United States courts are governed in the selection of jurors; and this act, too, for the first time, expressly recognizes the exemptions allowed by the state laws. This act applies to grand and petit jurors, and to petit jurors in criminal cases. Conk. Pr. 270.